UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHANE CHILDERS, § | | |
|     Plaintiff § | | |
| § | | |
| V. § | | Civil No. CC-08-338 |
| § | | |
| WILLIAM L. BATES, ET AL., § | | |
|     Defendants § | | |

### ORDER GRANTING DR. HEMANT PATEL'S MOTION FOR SUMMARY JUDGMENT

In this case, *pro se* Plaintiff Christopher Shane Childers, who is currently incarcerated at the McConnell Unit in Beeville, Texas, alleges Defendants "with deliberate indifference refused or delayed Plaintiff medical care for a serious medical condition, resulting in significant injury and/or the unnecessary and wanton infliction of severe pain ..." *See* 42 U.S.C. §1983. Plaintiff claims that on March 11, 2007, at approximately 7:00 a.m. he was discovered lying in his cell nude, unconscious, and covered in his own feces but did not receive any medical attention until approximately 1:00 p.m. when he was taken to the prison's emergency room. Approximately two weeks later, Plaintiff underwent brain surgery to remove a hematoma.

Pending before the Court is Defendant Dr. Hemant Patel's motion for summary judgment that Plaintiff failed to exhaust his administrative remedies and that Dr. Patel is entitled to qualified immunity (D.E. 40). The United States Magistrate Judge recommends the Court deny Dr. Patel's motion on the issue of exhaustion but conclude that Dr. Patel is

entitled to qualified immunity (D.E. 76).  She concludes Plaintiff has not demonstrated the violation of a clearly established constitutional right against Dr. Patel.  Plaintiff objects (D.E. 77).

Claims of qualified immunity require a two-step inquiry.  First,[1] the Court must ask whether the facts alleged, taken in the light most favorable to the plaintiff, show the defendant's conduct violated a constitutional right.  *Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (citing *Saucier v. Katz*, 533 U.S. 194, 206 (2001)).  At the summary judgment stage, the first step of the qualified immunity analysis is based on all the evidence before the Court, and not just the pleadings.  *Mace v. City of Palestine*, 333 F.3d 621, 624 n.7 (5th Cir. 2003).  If the plaintiff alleges the violation of a constitutional right, the Court then asks whether that right was clearly established at the time the events giving rise to suit occurred.  *Saucier*, 533 U.S. at 206.  A right is clearly established if it would be clear to a reasonable official that his conduct was unlawful in the particular situation he confronted.  *Id.* at 201.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain."  *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citing *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed. 2d 271 (1991)).  The "deliberate indifference" standard requires a

---

[1] In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court held the two-prong sequence set forth in *Saucier*, while often appropriate, is no longer mandatory.  District courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.  *Pearson*, 129 S.Ct. at 818.

showing that the official was subjectively aware of the risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (*Young v. Gray*, 560 F.3d 201 (5th Cir. 1977)).

In this case, it is undisputed that Plaintiff was taken to the McConnell Unit infirmary at approximately 1:00 p.m. After evaluating Plaintiff's condition, Nurse Cubbage called Dr. Patel, who was the on-call psychiatrist for the University of Texas Medical Branch-Correctional Managed Care, at 2:05 p.m. Nurse Cubbage explained Plaintiff's symptoms and vital signs to Dr. Patel, who ordered that Plaintiff be transferred to the Jester IV Unit, a TDCJ psychiatric hospital prison unit in Houston, Texas, where, according to Plaintiff, his condition immediately improved.

Plaintiff disagrees with Dr. Patel's decision to transfer him to the Jester IV Unit. Plaintiff contends Dr. Patel did not properly evaluate his symptoms and condition. In his sworn complaint, Plaintiff claims the following:

> Defendant Patel out-of-hand dismissed Plaintiff's condition as symptoms of his psychiatric disorder without performing any diagnostic procedures. Defendant Patel knew or should have known that Plaintiff's condition was not consistent with symptoms of his previously diagnosed psychiatric disorder (Bi-polar). Defendant Patel denied Plaintiff the diagnostic procedures that would have been performed on other offenders suffering the same symptoms, but who were not undergoing psychiatric or psychological treatment for a mental disorder.

In support of his motion for summary judgment, Dr. Patel offers the sworn affidavit of Joseph V. Penn M.D., C.C.H.P., the director of mental health services in the Correctional

3

Managed Care division of the University of Texas Medical Branch. Dr. Penn concludes the following:

> In my professional opinion because of Mr. Childers' past mental health history and significant diagnoses, his abrupt change in mental status at the McConnell unit was strongly suggestive of a psychotic illness or other manifestation of a severe mental illness. The decision to move him to a higher clinical acuity setting/more intensive level of correctional medical and mental health services within a more intensively supervised inpatient psychiatric hospital prison setting from a large general population prison setting in a remove area was clinically justifiable based on the information available to Dr. Patel at the time.
>
> Finally, it is my professional opinion that Dr. Patel's clinical decision-making and recommendation to transfer/accept the patient for admission to the Jester IV psychiatric prison hospital unit was justified and reasonable and within accepted medical/psychiatric standards of care for a correctional psychiatrist with comparable training, clinical experience, knowing what Dr. Patel knew at the time, under the same or similar circumstances. It is also may opinion that Dr. Patel's clinical decision-making and treatment was reasonable, appropriate, and rendered in good faith.

In light of the foregoing evidence and the *Norton* decision, the Court finds Plaintiff has failed to establish the violation of a clearly established constitutional right against Dr. Patel. *Norton*, 122 F.3d at 292. Defendant Dr. Patel's motion for summary judgment that he is entitled to qualified immunity is GRANTED (D.E. 40).

ORDERED February 12, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE